IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RAFAEL VERDEJO RUIZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 5:22-CV-00040-JRG-JBB |
| v. | § | |
| | § | |
| WARDEN, FCI TEXARKANA, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Dkt. No. 32), the record, and the pleadings. Rafael Verdejo Ruiz ("Petitioner"), an inmate confined at the FCI Texarkana and proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. (Dkt. No. 39). In light of the Petitioner's objections, a *de novo* review of the same in relation to the pleadings and applicable law is required. *See* FED. R. CIV. P. 72(b). Such a *de novo* review has been undertaken by the Court and serves as the basis hereof.

Petitioner's objections are without merit. The Magistrate Judge recommended dismissing Petitioner's claims as successive and as an abuse of the writ, or alternatively, as unexhausted and lacking in merit. Notably, Petitioner now concedes that the claims he presents in this petition are the same as those he presented in his first petition for writ of habeas corpus filed on February 9, 2018. (Dkt. No. 39 at 6)[1]; *see also Ruiz v. Warden Edge*, 5:18-cv-00022-JRG-CMC (Mr. Ruiz's

---

[1] Petitioner states, "Petitioner's 'new claims' in this second civilian habeas writ are the same has his first habeas Petition, just sub-divided for clarity." *Id.*

federal habeas petition filed February 9, 2018, "*Ruiz I*"). In Petitioner's first § 2241 case, this Court entered a Memorandum Order Overruling Petitioner's Objections and Adopting the Magistrate Judge's Report and Recommendation on March 5, 2019, finding Petitioner's claims were clearly unexhausted because none of the claims were litigated on the merits in the military court. (*Ruiz I*, Dkt. No. 30 at 2). This Court entered a Final Judgment and then later denied Petitioner's Motion to Alter or Amend Judgment on July 3, 2019. (*Ruiz I*, Dkt. No. 50). The Fifth Circuit Court of Appeals ultimately affirmed this Court's dismissal, finding the claims unexhausted and procedurally defaulted. *Ruiz v. Edge*, 842 F. App'x 930, 931 (5th Cir.), *cert. denied*, 211 L. Ed. 2d 79, 142 S. Ct. 191 (2021). Rather than accept the findings of the Fifth Circuit, which is binding on this Court, Petitioner has merely repackaged and relabeled his claims in a second § 2241 petition. The Magistrate Judge, in this case, determined that the claims presented here for a second time are successive and that this second § 2241 petition constitutes an abuse of the writ. (Dkt. No. 32 at 11–12). This Court finds no error in that determination. *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) ("First, a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice. Second, it is an abuse of the writ for a prisoner to raise the same claim a second time.") (citation and internal quotation marks omitted).

Out of an abundance of caution, the Magistrate Judge alternatively determined that Petitioner's claims were either unexhausted or lacked merit. (Dkt. No. 32 at 12–17). Although not required given the procedural bar, the Magistrate Judge properly analyzed each claim succinctly, giving Petitioner the most liberal construction to his pleadings.[2]

---

[2] Petitioner's pleadings, which are not always clear or succinct, complicated this task. Petitioner filed many unnecessary pleadings, many often out of turn, and not applicable in a petition for writ of habeas corpus.

The fact that Petitioner feels the doctrine of exhaustion is unfair is not sufficient cause to overcome the procedural default, to the extent his claims here were not exhausted. Petitioner's similar futility argument likewise lacks merit.[3]

Petitioner's disagreement with how the Magistrate Judge analyzed his "lack of jurisdiction" argument is also without merit. The Magistrate Judge explained that whatever the argument, exhausted here or not, the military courts found no reason to question their own jurisdiction. (*See* Dkt. No. 32 at 16-17 (citing *United States v. LaBela*, 75 M.J. 52, 54 (C.A.A.F. 2015) ("every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review" (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)))))[4] This claim lacks merit and is also insufficient to establish cause for the procedural default.

Petitioner also objects that his actual innocence claims "is not the same as previous habeas [sic]," despite later arguing that his claims "are the same as in his first habeas petition." (Dkt. No. 39 at 1, 6). Applying the most liberal construction to his claims, Petitioner appears to argue a freestanding actual innocence claim and actual innocence to overcome the procedural default. As to a freestanding actual innocence claim, it is well settled that "actual-innocence is not an independently cognizable federal-habeas claim" and any such claim should be dismissed. *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014) (citing *In re Swearingen*, 556 F.3d 344, 348 (5th Cir.

---

[3] Petitioner appears to argue exhaustion is futile as he cannot go back to the military courts to exhaust his claims now. While that may be true, the corollary is that had he presented all his claims to the military courts for review before filing his habeas petition as required, they would be exhausted and ripe for habeas review.

[4] The Magistrate Judge quoted the lengthy analysis of the AFCCA in evaluating Petitioner's claim for a lack of speedy post-trial review, which gave the AFCCA the opportunity to satisfy itself of its own jurisdiction, and that of any lower court. (Dkt. No. 32 at 15-16 (citing *United States v. Verdejo-Ruiz*, ACM 37597 (recon), 2014 WL 4803023, at *11-12 (A.F.C.C.A. 2014)).

3

2009) and quoting *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006)). For this Court to consider the procedurally defaulted claims, Petitioner must demonstrate a "fundamental miscarriage of justice." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). A petitioner makes such a showing where he establishes that he is "actually innocent" of the offense for which he was convicted. *Id.* (citing *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup*, 513 U.S. at 326–27)). "To do so, a petitioner must 'establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* (quoting *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010)). In this case, however, Petitioner fails to put forth new and reliable evidence that establishes his innocence. Rather, Petitioner argues (1) the jury was not properly instructed on the law regarding "Charge I and additional Charge ,I"; (2) "he was convicted of Article 125, sodomy, by using modes of proof and instructions from Article 120 that do not exist in Article 125"; and (3) he references evidence showing he was "not in the continental United States" during only a portion of the possible time frame the government stated the acts occurred. (*See* Dkt. No. 39 at 11–13; Dkt. No. 15 at 6). Petitioner has failed to show a fundamental miscarriage of justice.

Accordingly, Petitioner's objections (Dkt. No. 39) are **OVERRULED**. The findings of fact and conclusions of law by the Magistrate Judge are correct, and the Report and Recommendation (Dkt. No. 32) is **ADOPTED**. The Court will enter final judgment separately in accordance with the Magistrate Judge's recommendations.

**So ORDERED and SIGNED this 10th day of March, 2023.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE